Ryan M. Kroll (OBN 121942)
SOLOMON, SALTSMAN & JAMIESON
3519 NE 15th Avenue, Suite 202
Portland, OR 97212
Tel: (503) 236-8050
Fax: (503) 296-2105
rkroll@ssjaw.com

ATTORNEY FOR PLAINTIFF

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| NIKKIA JONES, an individual,<br><br>          Plaintiff,<br>     vs.<br><br>NEW PRIME, INC., a Missouri Corporation, ANTONIO HUNTER, an individual, and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. :<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(violations of 42 U.S.C. §§2000e-2000e-17; Supplemental state law claims) |

## **PRELIMINARY STATEMENT**

1.     This is an action for declaratory, injunctive, compensatory damages, including punitive damages, and attorney's fees and costs, to redress violations of Plaintiff's rights as protected by both federal and state law.

## **JURISDICTION AND VENUE**

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 (federal question jurisdiction), 1332 (diversity jurisdiction) and 1343 (civil rights jurisdiction).

3.      Plaintiff requests this Court invoke the supplemental jurisdiction conferred upon it by 28 U.S.C. §1367 to hear and adjudicate the Claims for Relief asserted by Plaintiff which are based on Oregon and California state statutory and common law.   Plaintiff's California and Oregon state law claims arise from the same nucleus of operative fact as Plaintiff's claims under federal law.

4.      Venue is proper within the District of Oregon pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the district.

## PARTIES

5.      Plaintiff NIKKIA JONES (hereinafter "Ms. Jones") is a female resident of the state of Michigan.  At all material times, Ms. Jones was an employee of Defendant NEW PRIME, INC. as a truck driver.

6.      On information and belief, Defendant NEW PRIME, INC. (hereinafter "New Prime") is a corporation chartered under the laws of the state of Missouri, and with its principal place of business in Missouri.  On information and belief, at all material times, New Prime employed more than 500 employees.

7.      On information and belief, Defendant ANTONIO HUNTER (hereinafter "Mr. Hunter") is a male resident of the state of Georgia.  At all material times, Mr. Hunter was an employee of New Prime, employed as a driver and training instructor.

8.      Ms. Jones is unaware of the true names and capacities of those Defendants named and sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names. Ms. Jones will amend the Complaint to allege their true names and capacities when the same have been ascertained.  Ms. Jones is informed and believes, and thereon alleges, that each of the fictitiously named Defendants was negligently, intentionally, or in some other manner responsible for the events and happenings herein referred to, and negligently, intentionally, or in some other manner caused the injuries and damages proximately caused

1    thereby as herein alleged. Each reference in the Complaint to "Defendant," "Defendants" or to a

2    specifically named Defendant herein refers to all Defendants sued under such fictitious names,

3    and to all named Defendants.

4         9.     Ms. Jones is informed and believes and on that information alleges that at all

5    times herein mentioned that all Defendants, persons and/or entities named or identified herein or

6    referenced hereby, and each of them, were the agents, employees, managers, directors, and/or

7    officers of each other and of each Defendant and, in doing the things hereinafter alleged, were

8    acting within the scope, course, and purpose of such agency (whether ostensible, explicit,

9    implicit, or direct), employment, and with the permission and consent of each of the

10   Defendants, and that each of the acts or omissions complained of herein were authorized and/or

11   ratified by each of the other Defendants and their officers, directors, and managing agents.

12

13                              **GENERAL ALLEGATIONS**

14        10.    During November of 2018, a freight truck rolled across the country's highways

15   and byways.  Inside the cab of that truck, a woman, Ms. Jones, was being terrorized.  Travelling

16   at highway speeds, forced to live, work, eat, and sleep in the same cramped, boxy cab as her

17   harasser, and far from home and without friends or support, Ms. Jones was repeatedly molested,

18   groped, propositioned, tormented, demeaned, and harassed by the man assigned by New Prime

19   as her trainer and supervisor.  This was not an isolated incident - New Prime was on notice that

20   male drivers had, on several previous occasions, similarly harassed and assaulted female

21   drivers.

22        11.    Indeed, there is clear evidence that New Prime knew or should have known of

23   Mr. Hunter's behavior before placing Ms. Jones in harm's way. While at a truck stop in Utah,

24   Ms. Jones overheard others who work for and or are being trained by New Prime advising Mr.

25   Hunter that he needed to stop his harassing behavior.  However, Ms. Jones did not inform these

26   New Prime employees and/or agents of Mr. Hunter's harassment, so it is clear that Mr. Hunter

27   had previously engaged in harassment of women and this was well-known to New Prime.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

1        12.    New Prime negligently hired, trained, and retained Mr. Hunter and completely

2    failed to take reasonable steps to prevent the weeks of hellish treatment Ms. Jones suffered.

3    Ms. Jones now comes before this court and seeks that New Prime and Mr. Hunter be held

4    accountable for these atrocities.

5        13.    New Prime is a transportation corporation chartered and headquartered in

6    Missouri, which operates a training program for new truck drivers in addition to delivering

7    cargo by truck across the United States.  New Prime provides trainee drivers with a truck,

8    assigns them loads of cargo to deliver to various facilities around the country for the financial

9    benefit of New Prime, and assigns them to a training driver, who is an employee of New Prime.

10        14.    Within the past several years, New Prime has been the subject of numerous

11    private lawsuits and United States Equal Employment Opportunity Commission ("EEOC")

12    enforcement suits concerning sexual harassment and sexual assault of female drivers by male

13    drivers.

14        15.    The terrorized woman referenced above, Ms. Jones, had first been employed by

15    New Prime as a trainee driver in 2018.

16        16.    As a trainee driver, Ms. Jones was to receive pay of $500.00 per week until she

17    had driven 3,000 miles in a freight truck.  At that time, she would be evaluated for promotion

18    from trainee status to a full driver.

19        17.    On October 28, 2018, New Prime assigned Ms. Jones to a truck with cargo to be

20    delivered for New Prime's customers, and also assigned to Ms. Jones a training driver to

21    supervise her while she drove for several weeks across the country delivering cargo for the

22    financial benefit of New Prime and in the regular course and scope of New Prime's business.

23    That training driver was Mr. Hunter.  New Prime had previously assigned two prior trainers to

24    Ms. Jones.  One of them was a male trainer, and Ms. Jones protested asking for a female.

25    However, New Prime kept her with that male trainer.  When she was assigned Mr. Hunter, she

26    was told if things did not work out with Mr. Hunter, then "three strikes and you're out" meaning

27    that she would be kicked out of the program if she complained about things with her third

28

trainer, Mr. Hunter.  Because of this, Ms. Jones was scared to make any complaint against Mr. Hunter.

18.    At all material times, Mr. Hunter was an employee of New Prime.

19.    Training drivers, such as Mr. Hunter, serve as supervisors of trainee drivers, such as Ms. Jones.  While Mr. Hunter took some of the driving duties, he also supervised all aspects of Ms. Jones' job duties and responsibilities including, but not limited to, the operation of the vehicle, management of the cargo, and interactions with clients.  As part of his supervisory duties, Mr. Hunter had the authority over Ms. Jones to control and change terms or conditions of her employment including, but not limited to:

(1) the hours during which Ms. Jones drove, including the ability to prevent her from driving,

(2) the operations – such as loading, unloading, and parking – that Ms. Jones was allowed to perform with the truck and cargo, including the ability to prevent her from performing any operations,

(3) Ms. Jones' interactions with clients when picking up or delivering loads of cargo including the ability to prevent any interaction with clients, and

(4) reviewing her performance, which would impact her ability to continue as a New Prime driver.

20.    Ms. Jones and Mr. Hunter left their starting point in Pennsylvania on or about October 28, 2018, and transported cargoes between various locations for almost 1 month. During that one month, Ms. Jones feared for her life and suffered extreme sexual harassment and sexual assault by Mr. Hunter.  For almost 30 days, Ms. Jones was locked in the confined space of a truck cab with Mr. Hunter, a sexual predator, and Mr. Hunter lived out his darker, sickest sexual fantasies with his hostage, Ms. Jones.  He molested her.  He forced her to watch him masturbate.  He made her listen to his previous sexual exploits.  He repeatedly propositioned her to engage in sex.  All of this he did while continually ignoring and disregarding her constant and vehement rejection of his advances.   It was the sort of

COMPLAINT AND DEMAND FOR JURY TRIAL

traumatizing escapade that few could imagine and only the most deviant could implement.  It was not until November 24, 2018, that New Prime released Ms. Jones from her worst nightmare and took her off of the truck.

21.     While Ms. Jones and Mr. Hunter were driving together, Mr. Hunter repeatedly and flagrantly sexually harassed and sexually assaulted Ms. Jones.  The harassment took many forms, including but not limited to:

(1) Repeatedly masturbating and fondling himself in front of her.  This included incidents where he masturbated in front of her bed in the cab while she slept, causing her to wake up and be immediately confronted with his lewd and lascivious activities;

(2) Forcing her to shine a light from her phone on him while he masturbated so that she could see his penis, and asking her to watch.  Ms. Jones recorded at least one of these instances.

(3) Sucking on her toes while she slept and fondling himself;

(4) Touching her buttocks, thighs, and body, including placing his hand between her legs near her genitals, while she drove knowing that she could not fight back because she was driving;

(5) Repeated unwanted invitations by Mr. Hunter that Ms. Jones have sex, or perform other sexual acts, with him.  When Ms. Jones rejected his advances, he offered her money, gifts, and advantageous work assignments as inducements, which Ms. Jones also rejected.

(6) Repeated uninvited and unwanted discussion, by Mr. Hunter, of his personal sex life with other women, and of his sexual preferences.

(7) Repeated unwanted requests by Mr. Hunter that Ms. Jones become Mr. Hunter's girlfriend, which Ms. Jones refused.

(8) Other instances of harassment not explicitly listed herein, but which Ms. Jones expressly reserves the right to include herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

22.     These repeated acts occurred throughout the entire trip, including some occurring in both California and Oregon, and frequently occurred while Ms. Jones and Mr. Hunter were in the cab of the truck and Ms. Jones was driving and thereby putting her life (and his) in jeopardy all for his own sexual gratification.

23.     When Ms. Jones rejected Mr. Hunter's overtures, he retaliated against her in several ways, including but not limited to:

(1) Increasing the frequency and intensity of his sexual harassment and sexual assaults;

(2) Threatening to beat Ms. Jones;

(3) Refusing to allow Ms. Jones to park the truck at rest stops, despite the fact that she had performed this task at the beginning of the trip and done well doing so.

(4) Refusing to allow Ms. Jones to speak with clients when delivering cargoes, despite the fact that she had done so at the beginning of the trip.

(5) Other instances and methods of retaliation not explicitly listed herein, but which Ms. Jones expressly reserves the right to pursue in potential future claims.

In refusing to allow Ms. Jones to perform these duties under experienced supervision, Mr. Hunter ensured that Ms. Jones received less-than-adequate training.  This would negatively affect New Prime's evaluation of Ms. Jones as a driver candidate at the end of her trainee period, and prevent her from becoming a driver.

24.     Ms. Jones's harassment by Mr. Hunter was at its worst between approximately November 19 and November 21, 2018.  During this period, Mr. Hunter and Ms. Jones were in the state of Oregon.  On at least one occasion during this period, without invitation and over Ms. Jones's verbal objections, Mr. Hunter exposed his genitalia to Ms. Jones and demanded that she shine a light from her phone on him so that she would have to watch him masturbating.  Ms. Jones complied out of fear, but while she was using her cell phone to shine

COMPLAINT AND DEMAND FOR JURY TRIAL

1   a light on Mr. Hunter's genitalia as he ordered, she filmed the interaction using the phone's

2   camera.  A still image extracted from the video is included below for context. [genitalia have

3   been redacted].

4                               **[Photograph Removed per Court Order]**

17          25.     On another occasion during this period, while Ms. Jones was attempting to sleep

18   in the rear of the truck, Mr. Hunter, a large man, stood over her bunk while Ms. Jones was

19   exhausted from a long shift of driving, and masturbated while grabbing Ms. Jones's feet and

20   attempting to suck on her toes.  Mr. Hunter loomed over Ms. Jones' bed, between her and the

21   exits from the cab, placing his hand on the railing of her bunk, and trapping her in the cab.  Ms.

22   Jones, fearing for her safety, filmed the interaction and the below image shows Mr. Hunter

23   looming over Ms. Jones' bed while she lay in it so that she was trapped:

COMPLAINT AND DEMAND FOR JURY TRIAL

**[Photograph Removed per Court Order]**

26.     Ms. Jones repeatedly told him to stop, at which point Mr. Hunter told her "I really have it bad for you."  He then asked if he could smell her vagina, and complimented her body, attempting to touch her again, saying "That's why I don't like you, like looking at you, because you're always hiding things and I don't get to see."  Ms. Jones refused, told him to get his hands off of her, and threatened to report him.  Mr. Hunter responded "That ain't right. Just [be]cause I like you [Ms. Jones], you're gonna snitch…why can't you take it as a compliment?" When Ms. Jones asked why he couldn't just leave her alone, he directly stated "Because I want you, I ain't gonna lie, I want some of you…I want some of you so goddamn bad it ain't funny. I want to see how your eyes, your face would look.  It's been a while, I know you'd put out some good pussy."  When Ms. Jones informed him that she did not care how badly he wanted her, he responded "I know, I know, that's the goddamn problem."  Ms. Jones repeatedly told him to stop and to leave her alone, but he would not and thereafter lowered his face to her crotch and attempted to smell her genitalia.  During the entire interaction he stood over her,

COMPLAINT AND DEMAND FOR JURY TRIAL

1  trapping her in her bunk, and refused to move out of the way, leave Ms. Jones alone, or even

2  move down to his own bunk beneath hers.

3       27.    Ms. Jones reported Mr. Hunter's harassing behavior to New Prime, and

4  eventually was able to free herself from this horrific episode but only after enduring severe

5  emotional, mental, and physical abuse all of which should have been prevented by New Prime.

6  It was not until November 24, 2018 that New Prime released Ms. Jones from her worst

7  nightmare and took her off of the truck.

8       28.    At the time Ms. Jones was removed from the truck with Mr. Hunter, she had

9  driven approximately 2,000 miles – 1,000 miles short of graduating from her status as a trainee.

10  On information and belief, it would have taken Ms. Jones another three or four weeks to

11  complete the mileage requirement.

12       29.    Because New Prime has created such objectively intolerable working conditions,

13  Ms. Jones was unable to return to employment and was constructively terminated from her

14  employment with New Prime.

15       30.    On July 29, 2019, Ms. Jones filed a complaint with the California Department of

16  Fair Employment and Housing ("DFEH"), which was co-filed with the EEOC.

17       31.    The DFEH issued Ms. Jones a Notice of Right to Sue on July 29, 2019.

18       32.    The EEOC issued Ms. Jones a Notice of Right to Sue on August 27, 2019.

19       33.    Ms. Jones has exhausted timely all administrative remedies to allow her to file

20  the claims alleged herein under federal, Oregon, and California law.

21

22                      **FIRST CLAIM FOR RELIEF**

23  **Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. §**

24                          **2000e *et. seq.*)**

25           **(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

26       34.    Ms. Jones realleges and incorporates Paragraphs 1 through 33 above as though

27  fully and completely set forth herein.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

35.    Ms. Jones was subjected to unlawful intentional harassment due to her sex, consisting of the harmful, offensive, and unwanted repeated sexual advances, sexual battery, and comments of a sexual nature made by Mr. Hunter.

36.    This conduct had the purpose or effect of unreasonably interfering with the terms and conditions of Ms. Jones's employment, and created an intimidating, offensive, and hostile work environment that no reasonable person in Ms. Jones' position could tolerate.

37.    At all material times, Mr. Hunter was an employee of New Prime and was Ms. Jones's supervisor.  When Ms. Jones complained to Mr. Hunter about the intimidating, hostile, and offensive work environment caused by his behavior, Trainer Hunter retaliated against her and took tangible employment actions against her.  As such, Defendants, and each of them, are strictly liable for the actions of Mr. Hunter under the doctrine of respondeat superior.

38.    Additionally, Defendants, and each of them, were on notice that their existing anti-sexual harassment policies were insufficient, and failed to take reasonable steps to prevent harassment such as that suffered by Ms. Jones.  Instead, Defendants, and each of them, placed Mr. Hunter in a supervisory position of power over Ms. Jones, a member of a vulnerable population of employees.  Defendants, and each of them, knew or should have known that Ms. Jones was subjected to a hostile work environment, and failed to take immediate and appropriate corrective action to stop the sexual harassment suffered by Ms. Jones.

39.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

(1)  Mr. Hunter was a supervisor of Ms. Jones

(2)  Mr. Hunter took a tangible employment action against Ms. Jones

(3)  New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4)  New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

COMPLAINT AND DEMAND FOR JURY TRIAL

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

40.    As a direct and proximate result of Defendants' conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.

41.    As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement in an amount to be proven at trial in excess of $1,000,000.00.

42.    As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

43.    Defendants, and each of them, acted with fraud, oppression, and malice. Plaintiff is therefore entitled to exemplary and punitive damages in an amount according to proof.

44.    Pursuant to 42 U.S.C. §1988, Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein. As it is the intent of Title VII to make victims whole, Ms. Jones is also entitled to pre-judgment and post-judgment interest.

COMPLAINT AND DEMAND FOR JURY TRIAL

**SECOND CLAIM FOR RELIEF**

**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e *et. seq.*)**

**(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

45.     Ms. Jones realleges and incorporates Paragraphs 1 through 44 above as though fully and completely set forth herein.

46.     Ms. Jones was subjected to unlawful discrimination on the basis of her sex, consisting of the harmful, offensive, and unwanted repeated sexual advances, sexual battery, and comments of a sexual nature made by Mr. Hunter.

47.     This conduct had the purpose or effect of unreasonably interfering with the terms and conditions of Ms. Jones's employment, and created an intimidating, offensive, and hostile work environment that no reasonable person in Ms. Jones' position could tolerate.

48.     At all material times, Mr. Hunter was an employee of New Prime and was Ms. Jones's supervisor.  When Ms. Jones complained to Trainer Hunter about the intimidating, hostile, and offensive work environment caused by his behavior, Trainer Hunter retaliated against her and took tangible employment actions against her.  As such, Defendants, and each of them, are strictly liable for the actions of Mr. Hunter under the doctrine of respondeat superior.

49.     Additionally, Defendants, and each of them, were on notice that their existing anti-discrimination policies were insufficient, and failed to take reasonable steps to prevent discrimination such as that suffered by Ms. Jones.  Instead, Defendants, and each of them, placed Mr. Hunter in a supervisory position of power over Ms. Jones, a member of a vulnerable population of employees.  Defendants, and each of them, knew or should have known that Ms. Jones was subjected to a hostile work environment, and failed to take immediate and appropriate corrective action to stop the sexual harassment suffered by Ms. Jones.

50.     Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

COMPLAINT AND DEMAND FOR JURY TRIAL

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

51.    As a direct and proximate result of Defendants' conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.00.

52.    As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement in an amount to be proven at trial in excess of $1,000,000.00.

53.    As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

54.    Defendants, and each of them, acted with fraud, oppression, and malice. Plaintiff is therefore entitled to exemplary and punitive damages in an amount according to proof.

COMPLAINT AND DEMAND FOR JURY TRIAL

55.     Pursuant to 42 U.S.C. §1988, Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein. As it is the intent of Title VII to make victims whole, Ms. Jones is also entitled to pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-3)**

**(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

56.     Ms. Jones realleges and incorporates Paragraphs 1 through 55 above as though fully and completely set forth herein.

57.     Ms. Jones was subjected to unlawful sexual harassment and discrimination in violation of Title VII, consisting of the harmful, offensive, and unwanted sexual advances, sexual battery, and comments of a sexual nature made by Mr. Hunter.

58.     At or after the time Ms. Jones opposed and complained about this harassment to Mr. Hunter, Mr. Hunter retaliated against her and took materially adverse employment actions against her changing the terms or conditions of her employment.

59.     Mr. Hunter took these actions because Ms. Jones complained about the sexual harassment and discrimination to which she had been subjected.

60.     Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

(1)  Mr. Hunter was a supervisor of Ms. Jones

(2)  Mr. Hunter took a tangible employment action against Ms. Jones

(3)  New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4)  New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

COMPLAINT AND DEMAND FOR JURY TRIAL

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

61.     As a direct and proximate result of Defendants' conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.

62.     As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement in an amount to be proven at trial in excess of $1,000,000.00.

63.     As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

64.     Defendants, and each of them, acted with fraud, oppression, and malice. Plaintiff is therefore entitled to exemplary and punitive damages in an amount according to proof.

65.     Pursuant to 42 U.S.C. §1988, Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein. As it is the intent of Title VII to make victims whole, Ms. Jones is also entitled to pre-judgment and post-judgment interest.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## FOURTH CLAIM FOR RELIEF

2

### Constructive Discharge in Violation of Title VII of the Civil Rights Act of 1964 (42

3

### U.S.C.A. § 2000e *et. seq.*)

4

### (Against Defendant NEW PRIME, INC. and all DOE Defendants)

5        66.    Ms. Jones realleges and incorporates Paragraphs 1 through 65 above as though

6    fully and completely set forth herein.

7        67.    Ms. Jones was subjected to unlawful sexual harassment and discrimination in

8    violation of Title VII, consisting of the harmful, offensive, and unwanted sexual advances,

9    sexual battery, and comments of a sexual nature made by Mr. Hunter, as well as retaliation

10   when Ms. Jones complained about the foregoing conduct.

11       68.    The continuing harassment rendered Plaintiff's work environment so intolerable

12   that Plaintiff had no reasonable option but to resign her position, constituting a constructive and

13   wrongful termination.

14       69.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons

15   including but not limited to:

16              (1) Mr. Hunter was a supervisor of Ms. Jones

17              (2) Mr. Hunter took a tangible employment action against Ms. Jones

18              (3) New Prime knew or should have known that Mr. Hunter had a history of

19                  harassing female drivers.

20              (4) New Prime negligently hired, trained, and retained Mr. Hunter in his

21                  capacity as a training driver

22              (5) New Prime failed to take reasonable measures to prevent harassment of its

23                  female drivers, as evidenced by not only what happened with Ms. Jones, but

24                  also New Prime's prior history of sexual harassment by male drivers.

25              (6) New Prime failed to timely and appropriately respond to Ms. Jones'

26                  complaints about Mr. Hunter

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

70.    As a direct and proximate result of Defendants' conduct, Plaintiff has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.00.

71.    As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to front pay for future loss of wages and benefits in lieu of reinstatement in an amount to be proven at trial in excess of $1,000,000.00.

72.    As a further direct and proximate result of that conduct, Plaintiff has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

73.    Defendants, and each of them, acted with fraud, oppression, and malice. Plaintiff is therefore entitled to exemplary and punitive damages in an amount according to proof.

74.    Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein.  As it is the intent of Title VII to make victims whole, Ms. Jones is also entitled to pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF

**Sexual Harassment in Violation of ORS 659A.030(1)(b)**

**(Against All Defendants)**

75.    Ms. Jones realleges and incorporates Paragraphs 1 through 74 above as though fully and completely set forth herein.

76.    Ms. Jones was subjected to unlawful sexual harassment as prohibited by ORS 659A.030 consisting of the harmful, offensive, and unwanted sexual advances, sexual battery,

and comments of a sexual nature made by Mr. Hunter.   This conduct and these comments were sufficiently severe or pervasive to have the purpose or effect of unreasonably interfering with work performance or creating an intimidating, hostile, or offensive work environment.  As such, they constituted a "hostile environment" as that term is defined by OAR 839-005-0010(3)(A)

77.    At all material times, Mr. Hunter was an employee of New Prime and was Ms. Jones's supervisor, as that term is defined by ORS 663.005. When Ms. Jones complained about the intimidating, hostile, and offensive work environment, Mr. Hunter retaliated against her by taking a tangible employment action against her as that term is defined by OAR 839-005-0030(4)(d).  As such, Defendants, and each of them, are liable under the doctrine of respondeat superior.

78.    Defendants, and each of them, were on notice that their existing anti-sexual harassment policies were insufficient, and failed to take reasonable steps to prevent harassment such as that suffered by Ms. Jones.  Instead, Defendants, and each of them, placed Mr. Hunter in a supervisory position of power over Ms. Jones, a member of a vulnerable population of employees.  Defendants, and each of them, knew or should have known that Ms. Jones was subjected to a hostile work environment, and failed to take immediate and appropriate corrective action to stop the sexual harassment suffered by Ms. Jones.

79.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

    (1) Mr. Hunter was a supervisor of Ms. Jones

    (2) Mr. Hunter took a tangible employment action against Ms. Jones

    (3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

    (4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

COMPLAINT AND DEMAND FOR JURY TRIAL

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

80.    As a direct and proximate result of that conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.00.

81.    As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement in an amount to be proven at trial in excess of $1,000,000.00, and for all interest on this claim.

82.    As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

83.    Defendants, and each of them, acted beyond mere carelessness to a willful or reckless disregard of a risk of harm to others of a magnitude evincing a high degree of social irresponsibility.  Ms. Jones is therefore entitled to an award of punitive damages in an amount according to proof.

84.    Pursuant to ORS 659A.885(1), Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein as well as pre- and post-judgment interest per ORS 82.010.

COMPLAINT AND DEMAND FOR JURY TRIAL

## SIXTH CLAIM FOR RELIEF

### Discrimination in Violation of ORS 659A.030(1)(b)

### (Against All Defendants)

85.     Ms. Jones realleges and incorporates Paragraphs 1 through 84 above as though fully and completely set forth herein.

86.     Ms. Jones was subjected to unlawful intentional discrimination due to Plaintiff's sex as prohibited by ORS 659A.030.  This consisted of the unlawful sexual harassment perpetrated against Ms. Jones by Mr. Hunter as alleged in detail above which, per OAR 839-005-0030(1) constitutes unlawful discrimination on the basis of sex.

87.     At all material times, Mr. Hunter was an employee of New Prime and was Ms. Jones's supervisor, as that term is defined by ORS 663.005. When Ms. Jones complained about the intimidating, hostile, and offensive work environment, Mr. Hunter retaliated against her by taking a tangible employment action against her as that term is defined by OAR 839-005-0030(4)(d).  As such, Defendants, and each of them, are liable under the doctrine of respondeat superior.

88.     Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

    (1) Mr. Hunter was a supervisor of Ms. Jones

    (2) Mr. Hunter took a tangible employment action against Ms. Jones

    (3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

    (4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

    (5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

COMPLAINT AND DEMAND FOR JURY TRIAL

(6) New Prime failed to timely and appropriately respond to Ms. Jones'
complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to
report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work
environment was free from harassment.

89.    As a direct and proximate result of that conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.00.

90.    As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement in an amount to be proven at trial in excess of $1,000,000.00.

91.    As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

92.    Defendants, and each of them, acted beyond mere carelessness to a willful or reckless disregard of a risk of harm to others of a magnitude evincing a high degree of social irresponsibility.  Ms. Jones is therefore entitled to an award of punitive damages in an amount according to proof.

93.    Pursuant to ORS 659A.885(1), Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein as well as pre- and post-judgment interest per ORS 82.010.

1

## SEVENTH CLAIM FOR RELIEF

2

### Retaliation in Violation of ORS 659A.030(1)(f)

3

### (Against All Defendants)

4       94.     Ms. Jones realleges and incorporates Paragraphs 1 through 93 above as though

5   fully and completely set forth herein.

6       95.     At all material times, Mr. Hunter was an employee of New Prime and was Ms.

7   Jones's supervisor, as that term is defined by ORS 663.005. When Ms. Jones complained about

8   the intimidating, hostile, and offensive work environment created by Mr. Hunter's repeated and

9   egregious sexual harassment of and sexual assaults against her, Mr. Hunter retaliated against her

10  by taking a tangible employment action against her as that term is defined by OAR 839-005-

11  0030(4)(d).

12      96.     Defendant New Prime is liable for the actions of Mr. Hunter for reasons

13  including but not limited to:

14          (1) Mr. Hunter was a supervisor of Ms. Jones

15          (2) Mr. Hunter took a tangible employment action against Ms. Jones

16          (3) New Prime knew or should have known that Mr. Hunter had a history of

17              harassing female drivers.

18          (4) New Prime negligently hired, trained, and retained Mr. Hunter in his

19              capacity as a training driver

20          (5) New Prime failed to take reasonable measures to prevent harassment of its

21              female drivers, as evidenced by not only what happened with Ms. Jones, but

22              also New Prime's prior history of sexual harassment by male drivers.

23          (6) New Prime failed to timely and appropriately respond to Ms. Jones'

24              complaints about Mr. Hunter

25          (7) New Prime failed to implement reasonable measures to allow Ms. Jones to

26              report harassment such as that by Mr. Hunter

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

97.     As a direct and proximate result of that conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.00.

98.     As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement. Plaintiff's economic damages are continuing in nature and are not presently known, but are in excess of $1,000,000.00.

99.     As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

100.    Pursuant to ORS 659A.885(1), Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein, as well as pre- and post-judgment interest per ORS 82.010.

## EIGHTH CLAIM FOR RELIEF

### Constructive Wrongful Discharge in violation of ORS 659A.030(1)(a)

### (Against all Defendants)

101.    Ms. Jones realleges and incorporates Paragraphs 1 through 100 above as though fully and completely set forth herein.

102.    Defendants intentionally created and maintained a severe and pervasive sexually hostile work environment that was so intolerable that a reasonable woman in Ms. Jones's position would have resigned because of the working conditions.

103.    Defendants knew that Ms. Jones was certain, or substantially certain to resign her employment as a result of the work environment.

104.   Ms. Jones resigned her employment as a result of the intolerable sexually hostile work environment

105.   Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

106.   As a direct and proximate result of that conduct, Ms. Jones has incurred harm in the form of lost income, medical and therapy expenses in an amount to be proven at trial in excess of $100,000.00.

107.   As a direct and proximate result of Defendants' conduct, Ms. Jones is entitled to front pay for future loss of wages and benefits in lieu of reinstatement. Plaintiff's economic damages are continuing in nature and are not presently known, but are in excess of $1,000,000.00.

COMPLAINT AND DEMAND FOR JURY TRIAL

108.    As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $10,000,000.00.

109.    Pursuant to ORS 659A.885(1), Ms. Jones is entitled to an award of attorney's fees, expert's fees, and all costs incurred herein, as well as pre- and post-judgment interest per ORS 82.010.

## NINTH CLAIM FOR RELIEF

**Sexual Harassment in violation of California Government Code §12940(j)**

**(Against All Defendants)**

110.    Ms. Jones realleges and incorporates Paragraphs 1 through 109 above as though fully and completely set forth herein.

111.    At all material times until November 24, 2018, Ms. Jones was an employee of New Prime.

112.    While an employee of New Prime, Ms. Jones was subjected to severe, pervasive, and unwanted sexual harassment, consisting of harmful, offensive, and unwanted sexual advances, comments of a sexual nature, and sexual assaults.

113.    Ms. Jones was subjected to this harassment because of her membership in a protected class – because she is a woman.

114.    The harassing behavior was both severe and pervasive.

115.    A reasonable woman in Ms. Jones's circumstances would have considered the workplace environment to be hostile or abusive.

116.    Ms. Jones did, in fact, consider the work environment to be hostile or abusive.

117.    The harassing behavior was engaged in by Mr. Hunter, an employee of New Prime who was Ms. Jones's supervisor within the meaning of that term as defined by California Government Code §12926(t).

118.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

119.    As a direct, foreseeable, and proximate result of the harassing conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not yet fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

120.    Defendants conducted themselves with a conscious disregard of Ms. Jones's rights, and with the intent to vex, injure, or annoy her such as to constitute oppression, fraud, or malice, entitling her to exemplary or punitive damages in an amount appropriate to punish Defendants.

COMPLAINT AND DEMAND FOR JURY TRIAL

121.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs and attorney's fees pursuant to California Government Code §12965.

## TENTH CLAIM FOR RELIEF

### Sex Discrimination in violation of California Government Code §12940(h)

### (Against Defendant NEW PRIME, INC. and all DOE Defendants)

122.    Ms. Jones realleges and incorporates Paragraphs 1 through 121 above as though fully and completely set forth herein.

123.    At all material times until November 24, 2018, Ms. Jones was an employee of New Prime.

124.    While an employee of New Prime, Ms. Jones was subjected to severe, pervasive, and unwanted discriminatory treatment on the basis of her sex, consisting of frequent harmful, offensive, and unwanted sexual advances, comments of a sexual nature, and sexual assaults. When she complained about this treatment, she was retaliated against and her duties as a trainee driver curtailed.

125.    On information and belief, Ms. Jones would not have been harassed, propositioned, or assaulted had she been a man, nor would she have been retaliated against had she complained.

126.    The discriminatory behavior was engaged in by Mr. Hunter, an employee of New Prime who was Ms. Jones's supervisor within the meaning of that term as defined by California Government Code §12926(t).  As such, Defendants, and each of them, are liable under the doctrine of respondeat superior.

127.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

(1)  Mr. Hunter was a supervisor of Ms. Jones

COMPLAINT AND DEMAND FOR JURY TRIAL

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

128.     As a direct, foreseeable, and proximate result of the discriminatory conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount that is not yet fully ascertained, but which will be proven at trial in an amount in excess of $11,100,000.00.

129.     Defendants conducted themselves with a conscious disregard of Ms. Jones's rights, and with the intent to vex, injure, or annoy her such as to constitute oppression, fraud, or malice, entitling her to exemplary or punitive damages in an amount appropriate to punish Defendants.

130.     Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing

COMPLAINT AND DEMAND FOR JURY TRIAL

1   for prejudgment interest, postjudgment interest, and costs and attorney's fees pursuant to

2   California Government Code §12965.

3

4                        **ELEVENTH CLAIM FOR RELIEF**

5              **Retaliation in violation of California Government Code §12940(h)**

6              **(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

7          131.    Ms. Jones realleges and incorporates Paragraphs 1 through 130 above as though

8   fully and completely set forth herein.

9          132.    At all material times until November 24, 2018, Ms. Jones was an employee of

10  New Prime.

11         133.    While an employee of New Prime, Ms. Jones was subjected to severe, pervasive,

12  and unwanted discriminatory treatment on the basis of her sex, consisting of frequent harmful,

13  offensive, and unwanted sexual advances, comments of a sexual nature, and sexual assaults.

14  This constituted unlawful sexual harassment and sex-based discrimination, as alleged above.

15         134.    When Ms. Jones complained about this treatment, Mr. Hunter, an employee of

16  New Prime who was Ms. Jones's supervisor within the meaning of that term as defined by

17  California Government Code §12926(t) took adverse employment actions against Ms. Jones:

18         135.    Additionally, Ms. Jones was constructively discharged.  Defendants intentionally

19  created or knowingly permitted working conditions to exist that were so intolerable that a

20  reasonable person in Ms. Jones' position would have had no reasonable alternative except to

21  resign.  Ms. Jones did resign as a result of the working conditions created and permitted by

22  Defendants.

23         136.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons

24  including but not limited to:

25              (1)  Mr. Hunter was a supervisor of Ms. Jones

26              (2)  Mr. Hunter took a tangible employment action against Ms. Jones

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

137.    As a direct, foreseeable, and proximate result of the retaliatory conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount which is not yet fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

138.    Defendants conducted themselves with a conscious disregard of Ms. Jones's rights, and with the intent to vex, injure, or annoy her such as to constitute oppression, fraud, or malice, entitling her to exemplary or punitive damages in an amount appropriate to punish Defendants.

139.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs and attorney's fees pursuant to California Government Code §12965.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

3

4

**TWELFTH CLAIM FOR RELIEF**

**Constructive Discharge in Violation of California Public Policy and California**

**Government Code §12940(h)**

**(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

5

6
140.    Ms. Jones realleges and incorporates Paragraphs 1 through 139 above as though fully and completely set forth herein.

7

8
141.    At all material times until November 24, 2018, Ms. Jones was an employee of New Prime.

9

10

11

12

13
142.    Ms. Jones was subjected to working conditions that violate California public policy, in that she was subjected to severe, pervasive, and unwanted sexual harassment and discriminatory treatment on the basis of her sex, consisting of frequent harmful, offensive, and unwanted sexual advances, comments of a sexual nature, and sexual assaults, as well as retaliation for complaining about said harassment and discrimination.

14

15
143.    These working conditions were so intolerable that an individual in Ms. Jones' position would have had no reasonable alternative except to resign.

16

17
144.    Ms. Jones resigned from employment with New Prime because of these working conditions.

18

19

20
145.    Ms. Jones is therefore entitled to economic damages in the form of lost past, present, and future compensation, including benefits and pay increases, in an amount to be proven at trial in excess of $1,100,000.00.

21

22

23

24

25

26
146.    As a direct, foreseeable, and proximate result of being constructively terminated, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  The amount of damage caused by Defendants' conduct is not fully ascertained but will be proven at trial in an amount in excess of $10,000,000.00.

27

28

147.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs and attorney's fees pursuant to California Government Code §12965.

### THIRTEENTH CLAIM FOR RELIEF

**Intentional Interference with Civil Rights by Threat, Intimidation, or Coercion in violation of the Tom Bane Civil Rights Act (California Civil Code §§ 52.1 *et. seq.*)**

**(Against all Defendants)**

148.    Ms. Jones realleges and incorporates Paragraphs 1 through 147 above as though fully and completely set forth herein.

149.    Mr. Hunter made threats of violence against Ms. Jones and/or her property, causing Ms. Jones to reasonably believe that if she exercised her right to be free from sexual harassment and assault in the workplace, Mr. Hunter would commit violence against her and her property, and that Mr. Hunter had the apparent ability to carry out his threats.

150.    Mr. Hunter acted violently against Ms. Jones and her property to prevent her from exercising her right to be free from sexual harassment and assault in the workplace.

151.    Defendant New Prime is liable for the actions of Mr. Hunter for reasons including but not limited to:

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

COMPLAINT AND DEMAND FOR JURY TRIAL

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

152.    As a direct, foreseeable, and proximate result of this threatening and violent conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

153.    Pursuant to California Civil Code section 52(b), Ms. Jones is entitled to punitive and exemplary damages, treble damages, and attorney's fees.

154.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs.

**FOURTEENTH CLAIM FOR RELIEF**

**Denial of Full and Equal Privileges Due to Sex in violation of the Jesse Unruh Civil Rights Act (California Civil Code §§ 51 *et. seq.*)**

**(Against all Defendants)**

155.    Ms. Jones realleges and incorporates Paragraphs 1 through 154 above as though fully and completely set forth herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

156.    Defendants, and each of them, discriminated against Ms. Jones and denied Ms. Jones' right to an equal workplace environment free of sexual harassment and assault.

157.    A substantial motivating reason for Defendants', and each of their, conduct was Ms. Jones' sex.

158.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for reasons including but not limited to:

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

159.    As a direct, foreseeable, and proximate result of this discriminatory conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

COMPLAINT AND DEMAND FOR JURY TRIAL

160.    Pursuant to California Civil Code section 52(b), Ms. Jones is entitled to punitive and exemplary damages, treble damages, and attorney's fees.

161.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs.

## FIFTEENTH CLAIM FOR RELIEF

### Assault in violation of California Common Law

### (Against All Defendants)

162.    Ms. Jones realleges and incorporates Paragraphs 1 through 161 above as though fully and completely set forth herein.

163.    Mr. Hunter acted, intending to cause harmful or offensive contact between himself and Ms. Jones, and Mr. Hunter threatened to touch Ms. Jones in a harmful or offensive manner.

164.    Ms. Jones reasonably believed that she was about to be touched in a harmful or offensive manner by Mr. Hunter, and it reasonably appeared to Ms. Jones that Mr. Hunter

165.    Ms. Hunter did not consent to Mr. Hunter's conduct.

166.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for reasons including but not limited to:

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

-36-

COMPLAINT AND DEMAND FOR JURY TRIAL

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

167.    As a direct, foreseeable, and proximate result of this discriminatory conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

168.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs.

## SIXTEENTH CLAIM FOR RELIEF

### Assault in violation of Oregon Common Law

### (Against All Defendants)

169.    Ms. Jones realleges and incorporates Paragraphs 1 through 168 above as though fully and completely set forth herein.

170.    Mr. Hunter attempted to cause harmful or offensive contact between himself and Ms. Jones.  He did so by intentionally engaging in conduct which constituted a substantial step towards creating said harmful or offensive contact between himself and Ms. Jones.

COMPLAINT AND DEMAND FOR JURY TRIAL

1   171. Ms. Jones reasonably believed that she was about to be touched in a harmful or

2 offensive manner by Mr. Hunter, and it reasonably appeared to Ms. Jones that Mr. Hunter

3   172. Ms. Hunter did not consent to Mr. Hunter's conduct.

4   173. Defendant New Prime is liable for the actions of its employee, Mr. Hunter for

5 reasons including but not limited to:

6    (1) Mr. Hunter was a supervisor of Ms. Jones

7    (2) Mr. Hunter took a tangible employment action against Ms. Jones

8    (3) New Prime knew or should have known that Mr. Hunter had a history of

9     harassing female drivers.

10    (4) New Prime negligently hired, trained, and retained Mr. Hunter in his

11     capacity as a training driver

12    (5) New Prime failed to take reasonable measures to prevent harassment of its

13     female drivers, as evidenced by not only what happened with Ms. Jones, but

14     also New Prime's prior history of sexual harassment by male drivers.

15    (6) New Prime failed to timely and appropriately respond to Ms. Jones'

16     complaints about Mr. Hunter

17    (7) New Prime failed to implement reasonable measures to allow Ms. Jones to

18     report harassment such as that by Mr. Hunter

19    (8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work

20     environment was free from harassment.

21   174. As a further direct and proximate result of that conduct, Ms. Jones has suffered

22 and will continue to suffer from past and future monetary losses, anxiety, a depressed mood,

23 humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of

24 enjoyment of life and is entitled to an award of compensatory damages in an amount to be

25 proven at trial in excess of $11,100,000.00.

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

175.    Defendants, and each of them, acted with a bad motive, and committed malicious acts grossly violating societal norms.  As such, Ms. Jones is entitled to punitive damages in an amount according to proof.

176.    Ms. Jones claims these amounts, together with any pre- or post-judgment interest pursuant to ORS 82.010.


**SEVENTEENTH CLAIM FOR RELIEF**

**Battery in violation of California Common Law**

**(Against All Defendants)**

177.    Ms. Jones realleges and incorporates Paragraphs 1 through 176 above as though fully and completely set forth herein.

178.    Mr. Hunter touched Ms. Jones or caused her to be touched with the intent to harm or offend her.

179.    Ms. Jones did not consent to the touching.

180.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for the following reasons:

    (1)  Mr. Hunter was a supervisor of Ms. Jones

    (2)  Mr. Hunter took a tangible employment action against Ms. Jones

    (3)  New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

    (4)  New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

    (5)  New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

    (6)  New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

COMPLAINT AND DEMAND FOR JURY TRIAL

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

181.    As a direct, foreseeable, and proximate result of this discriminatory conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

182.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs.

## EIGHTEENTH CLAIM FOR RELIEF

### Battery in violation of Oregon Common Law

### (Against All Defendants)

183.    Ms. Jones realleges and incorporates Paragraphs 1 through 182 above as though fully and completely set forth herein.

184.    Mr. Hunter intended to either cause harmful or offensive physical contact between himself and Ms. Jones, or cause an apprehension that such a harmful or offensive contact would occur.

185.    Ms. Jones was subjected to harmful or offensive physical contacts, caused by Mr. Hunter's intentional actions.

186.    Ms. Jones did not consent to Mr. Hunter's actions.

187.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for reasons including but not limited to:

COMPLAINT AND DEMAND FOR JURY TRIAL

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

188.    As a further direct and proximate result of that conduct, Ms. Jones has suffered and will continue to suffer from past and future monetary losses, anxiety, a depressed mood, humiliation, anger, frustration, emotional pain, mental anguish, nightmares, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be proven at trial in excess of $11,100,000.00.

189.    Defendants, and each of them, acted with a bad motive, and committed malicious acts grossly violating societal norms.  As such, Ms. Jones is entitled to punitive damages in an amount according to proof.

190.    Ms. Jones claims these amounts, together with any pre- or post-judgment interest pursuant to ORS 82.010.

COMPLAINT AND DEMAND FOR JURY TRIAL

## NINETEENTH CLAIM FOR RELIEF

### Sexual Battery in violation of California Civil Code § 1708.5

### (Against All Defendants)

191.    Ms. Jones realleges and incorporates Paragraphs 1 through 190 above as though fully and completely set forth herein.

192.    Mr. Hunter acted with the intent to cause a harmful or offensive contact with one of Ms. Jones' intimate parts, and that action directly or indirectly resulted in a sexually-offensive contact.

193.    Mr. Hunter acted so as to cause an imminent apprehension that he had the intent to cause a harmful or offensive contact with one of Ms. Jones' intimate parts, and that action directly or indirectly resulted in a sexually-offensive contact.

194.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for reasons including but not limited to:

(1) Mr. Hunter was a supervisor of Ms. Jones

(2) Mr. Hunter took a tangible employment action against Ms. Jones

(3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

COMPLAINT AND DEMAND FOR JURY TRIAL

1     (8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work

2           environment was free from harassment.

3     195.    As a direct, foreseeable, and proximate result of this discriminatory conduct, Ms.

4     Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and

5     extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and

6     sadness, as well as physical manifestations of those mental sufferings, the extent of which is not

7     fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not fully

8     ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

9     196.    Ms. Jones is also entitled to special and punitive damages in an amount to be

10     proven at trial, as well as costs pursuant to California Civil Code § 1708.5(b)-(c).

11     197.    Ms. Jones claims these amounts, together with any prejudgment interest

12     pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing

13     for prejudgment interest, postjudgment interest, and costs.

14

15                    **TWENTIETH CLAIM FOR RELIEF**

16     **Intentional Infliction of Emotional Distress in violation of California Common Law**

17                          **(Against All Defendants)**

18     198.    Ms. Jones realleges and incorporates Paragraphs 1 through 197 above as though

19     fully and completely set forth herein.

20     199.    Mr. Hunter subjected Ms. Jones to severe, pervasive, and unwanted

21     discriminatory treatment on the basis of her sex, consisting of frequent harmful, offensive, and

22     unwanted sexual advances, comments of a sexual nature, and sexual assaults and batteries.

23     200.    At all times, Ms. Jones clearly rejected Mr. Hunter's advances.  Mr. Hunter

24     ignored Ms. Jones' objections.  The actions of Mr. Hunter were outrageous, intentional, and

25     malicious, and done with reckless disregard of the fact that he would certainly cause Ms. Jones

26     to suffer severe emotional and physical distress.

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

201.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for the following reasons:

      (1) Mr. Hunter was a supervisor of Ms. Jones

      (2) Mr. Hunter took a tangible employment action against Ms. Jones

      (3) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

      (4) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

      (5) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

      (6) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

      (7) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

      (8) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

202.    As a direct, foreseeable, and proximate result of this discriminatory conduct, Ms. Jones suffered, and continues to suffer, past and future monetary losses, loss of benefits, and extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time. As such, Ms. Jones is entitled to damages in an amount not fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

203.    Defendants conducted themselves with a conscious disregard of Ms. Jones's rights, and with the intent to vex, injure, or annoy her such as to constitute oppression, fraud, or malice, entitling her to exemplary or punitive damages in an amount appropriate to punish Defendants.

204.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs and attorney's fees pursuant to California Government Code §12965.

## TWENTY FIRST CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress in violation of Oregon Common Law

### (Against All Defendants)

205.    Ms. Jones realleges and incorporates Paragraphs 1 through 204 above as though fully and completely set forth herein.

206.    Mr. Hunter either desired to inflict severe mental or emotional distress when he subjected Ms. Jones to severe, pervasive, and unwanted discriminatory treatment on the basis of her sex, consisting of frequent harmful, offensive, and unwanted sexual advances, comments of a sexual nature, and sexual assaults and batteries, or Mr. Hunter knew that Ms. Jones was substantially likely to suffer distress as a result of his acts.

207.    Mr. Hunter's actions toward Ms. Jones were extraordinary transgressions of the bounds of socially tolerable conduct, and exceeded any reasonable limit of social toleration.

208.    At the time Mr. Hunter performed the acts in question, a special relationship existed between himself and Ms. Jones as he was her supervisor.

209.    Defendant New Prime is liable for the actions of its employee, Mr. Hunter for reasons including but not limited to:

(1)  Mr. Hunter was a supervisor of Ms. Jones

(2)  Mr. Hunter's harassment of Ms. Jones occurred substantially within the time and space limits authorized by the terms and conditions of Mr. Hunter & Ms. Jones' employment as truck drivers.

(3)  Mr. Hunter took a tangible employment action against Ms. Jones

COMPLAINT AND DEMAND FOR JURY TRIAL

(4) New Prime knew or should have known that Mr. Hunter had a history of harassing female drivers.

(5) New Prime negligently hired, trained, and retained Mr. Hunter in his capacity as a training driver

(6) New Prime failed to take reasonable measures to prevent harassment of its female drivers, as evidenced by not only what happened with Ms. Jones, but also New Prime's prior history of sexual harassment by male drivers.

(7) New Prime failed to timely and appropriately respond to Ms. Jones' complaints about Mr. Hunter

(8) New Prime failed to implement reasonable measures to allow Ms. Jones to report harassment such as that by Mr. Hunter

(9) New Prime failed to take reasonable steps to ensure that Ms. Jones' work environment was free from harassment.

210.    As a direct, foreseeable, and proximate result of this discriminatory conduct, Ms. Jones suffered, and continues to suffer extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and sadness, as well as physical manifestations of those mental sufferings, the extent of which is not fully known at this time.  As such, Ms. Jones is entitled to damages in an amount not fully ascertained, but which will be proven at trial to be in excess of $11,100,000.00.

211.    Defendants acted with particularly aggravated disregard for Ms. Jones' rights, including physical and other non-expressive misconduct above and beyond abuse of speech only, and as a result Ms. Jones is entitled to punitive damages in an amount according to proof.

212.    Ms. Jones claims these amounts, together with any pre- or post-judgment interest pursuant to ORS 82.010.

1

**TWENTY SECOND CLAIM FOR RELIEF**

2

**Breach of Contract in violation of California Common Law**

3

**(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

4     213.    Ms. Jones realleges and incorporates Paragraphs 1 through 212 above as though

5     fully and completely set forth herein.

6     214.    Ms. Jones and Defendants, and each of them, entered into a contract.

7     215.    Ms. Jones did all, or substantially all, of the significant things that the contract

8     required her to do.

9     216.    All conditions required by the contract for Defendants, and each of them, to be

10    obligated to perform under the contract were satisfied.

11    217.    Defendants, and each of them, breached the contract by doing something the

12    contract forbade: to wit, allowing Mr. Hunter to subject Ms. Jones to sexual harassment, sexual

13    assault, discrimination, retaliation, and a hostile work environment so severe as to constitute a

14    constructive termination.

15    218.    As a direct, foreseeable, and proximate result of the breach, Ms. Jones suffered,

16    and continues to suffer, past and future monetary losses and loss of benefits in an amount to be

17    proven at trial but in excess of $1,000,000.00.

18    219.    Ms. Jones claims these amounts, together with any prejudgment interest

19    pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing

20    for prejudgment interest, postjudgment interest, and costs.

21

22

**TWENTY THIRD CLAIM FOR RELIEF**

23

**Breach of the Implied Covenant of Good Faith and Fair Dealing in violation of California**

24

**Common Law**

25

**(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

26    220.    Ms. Jones realleges and incorporates Paragraphs 1 through 219 above as though

27    fully and completely set forth herein.

28

-47-

221.    Ms. Jones and Defendants, and each of them, entered into a contract.

222.    Ms. Jones did all, or substantially all, of the significant things that the contract required her to do, or was excused from having to do those things.

223.    Defendants, and each of them, unfairly interfered with Ms. Jones' right to receive the benefits of the contract by allowing Mr. Hunter to subject Ms. Jones to sexual harassment, sexual assault, discrimination, retaliation, and a hostile work environment so severe as to constitute a constructive termination.

224.    As a direct, foreseeable, and proximate result of the breach, Ms. Jones suffered, and continues to suffer, past and future monetary losses and loss of benefits in an amount to be proven at trial but in excess of $1,000,000.00.

225.    Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs.

## TWENTY FOURTH CLAIM FOR RELIEF

### Breach of Contract in violation of Oregon Common Law

### (Against Defendant NEW PRIME, INC. and all DOE Defendants)

226.    Ms. Jones realleges and incorporates Paragraphs 1 through 225 above as though fully and completely set forth herein.

227.    Ms. Jones and Defendants, and each of them, entered into a contract.

228.    Ms. Jones did all, or substantially all, of the significant things that the contract required her to do.

229.    All conditions required by the contract for Defendant's, and each of theirs', performance.

230.    Defendants, and each of them, breached the contract by doing something the contract forbade: to wit, allowing Mr. Hunter to subject Ms. Jones to sexual harassment, sexual

COMPLAINT AND DEMAND FOR JURY TRIAL

assault, discrimination, retaliation, and a hostile work environment so severe as to constitute a constructive termination.

231.   As a direct, foreseeable, and proximate result of the breach, Ms. Jones suffered, and continues to suffer, past and future monetary losses and loss of benefits in an amount to be proven at trial but in excess of $1,000,000.00.

232.   Ms. Jones claims these amounts, together with any pre- or post-judgment interest pursuant to ORS 82.010.

## TWENTY FIFTH CLAIM FOR RELIEF

**Breach of the Implied Covenant of Good Faith and Fair Dealing in violation of Oregon Common Law**

**(Against Defendant NEW PRIME, INC. and all DOE Defendants)**

233.   Ms. Jones realleges and incorporates Paragraphs 1 through 232 above as though fully and completely set forth herein.

234.   Ms. Jones and Defendants, and each of them, entered into a contract.

235.   Ms. Jones did all, or substantially all, of the significant things that the contract required her to do, or was excused from having to do those things.

236.   Defendants, and each of them, performed actions having the effect of destroying or injuring the right of Ms. Jones to receive the fruits of the contract by allowing Mr. Hunter to subject Ms. Jones to sexual harassment, sexual assault, discrimination, retaliation, and a hostile work environment so severe as to constitute a constructive termination.

237.   As a direct, foreseeable, and proximate result of the breach, Ms. Jones suffered, and continues to suffer, past and future monetary losses and loss of benefits in an amount to be proven at trial but in excess of $1,000,000.00.

238.   Ms. Jones claims these amounts, together with any prejudgment interest pursuant to California Civil Code §3287, and pursuant to any other provisions of law providing for prejudgment interest, postjudgment interest, and costs.

COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

1.       Ms. Jones demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Jones prays for judgment against Defendants as follows:

**For the First, Second, Third, and Fourth Claims for Relief as Against Defendant NEW PRIME, INC. and all DOE Defendants:**

1.   Economic damages for lost income and medical and therapy expenses, in an amount to be determined at trial in excess of $100,000.00;

2.   Front pay in lieu of reinstatement in an amount to be determined at trial in excess of $1,000,000.00;

3.   Compensatory damages in excess of $10,000,000;

4.   Exemplary and punitive damages in an amount according to proof; and

5.   Ms. Jones's attorney's fees, expert's fees, and costs pursuant to 42 U.S.C. §1988, plus pre- and post-judgment interest.

**For the Fifth, Sixth, Seventh, and Eigth Claims for Relief as Against All Defendants:**

1.   Economic damages for lost income and medical and therapy expenses, plus prejudgment interest, in an amount to be determined at trial in excess of $100,000.00;

2.   Front pay in lieu of reinstatement in an amount to be determined at trial in excess of $1,000,000.00;

3.   Compensatory damages in amount to be proven at trial in excess of $10,000,000;

4.   Punitive damages in an amount according to proof; and

5.   Ms. Jones's attorney's fees, expert's fees, and costs pursuant to ORS 659A.885.

**For the Ninth Claim for Relief as Against All Defendants:**

COMPLAINT AND DEMAND FOR JURY TRIAL

1.  General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000;

2.  Punitive and exemplary damages in an amount according to be determined at trial; and

3.  Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest, costs, and attorney's fees pursuant to California Government Code §12965 and any other applicable provision of law.

**For the Tenth, and Eleventh Claims for Relief as Against Defendant NEW PRIME, INC. and all DOE Defendants:**

1.  General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000; and

2.  Punitive and exemplary damages in an amount to be determined at trial; and

3.  Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest, costs, and attorney's fees pursuant to California Government Code §12965 and any other applicable provision of law.

**For the Twelfth Claim for Relief as Against Defendant NEW PRIME, INC. and all DOE Defendants:**

1.  Economic damages for lost past, present, and future compensation in an amount to be proven at trial in excess of $1,100,000;

2.  General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $10,000,000; and

COMPLAINT AND DEMAND FOR JURY TRIAL

3. Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest, costs, and attorney's fees pursuant to California Government Code §12965 and any other applicable provision of law.

**For the Thirteenth and Fourteenth Claims for Relief as Against All Defendants:**

1. General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000;

2. Punitive and exemplary damages, treble damages, and attorney's fees pursuant to California Civil Code §52(b) in an amount to be proven at trial; and

3. Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest and costs pursuant to any other applicable provision of law.

**For the Fifteenth and Seventeenth Claims for Relief as Against All Defendants:**

1. General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000; and

2. Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest and costs pursuant to any other applicable provision of law.

**For the Sixteenth, Eighteenth, and Twenty First Claims for Relief as Against All Defendants:**

1. General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000;

2. Punitive damages in an amount according to proof; and

3. Pre- and postjudgment interest pursuant to ORS 82.010

COMPLAINT AND DEMAND FOR JURY TRIAL

**For the Nineteenth Claim for Relief as Against All Defendants:**

    1.  General damages and direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000;

    2.  Punitive and special damages in an amount to be proven at trial, as well as costs pursuant to California Civil Code §1708.5(b) and (c); and

    3.  Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest and costs pursuant to any other applicable provision of law.

**For the Twentieth Claim for Relief as Against All Defendants:**

    1.  General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $11,100,000;

    2.  Punitive and exemplary damages in an amount to be proven at trial; and

    3.  Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest, costs, and attorney's fees pursuant to California Government Code §12965 and any other applicable provision of law.

**For the Twenty Second, Twenty Third, Twenty Fourth, and Twenty Fifth Claims for Relief as Against All Defendants:**

    1.  General damages and special damages, direct damages, incidental damages, and consequential damages, in an amount which is to be proven at trial, but which shall not be less than $1,000,000; and

    2.  Prejudgment interest pursuant to California Civil Code §3287, and pre- and postjudgment interest and costs pursuant to any other applicable provision of law.

COMPLAINT AND DEMAND FOR JURY TRIAL

**For All Claims for Relief Against All Defendants:**

    1.  For costs of suit and attorney's fees as allowed by law;

    2.  For pre- and post-judgment interest; and

    3.  All other and further relief as the Court deems just and proper.

DATED:  December 2, 2019              SOLOMON, SALTSMAN & JAMIESON

By:   _____

RYAN M. KROLL
Attorney for Plaintiff NIKKIA JONES

-54-

COMPLAINT AND DEMAND FOR JURY TRIAL